**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICCARDO McKNIGHT, | : | |
| | : | Civil Action No. 06-986 (DMC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| HON. VINCENT SIGORILE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Riccardo McKnight, Plaintiff pro se
167149
H.C.C.
35 Hackensack Avenue
South Kearny, NJ 07032

**CAVANAUGH**, District Judge

Plaintiff Riccardo McKnight, currently confined at the Hudson County Correctional Center in South Kearny, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the complaint will be dismissed.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

On June 17, 2005, Plaintiff and two acquaintances were at an Exxon/Mobil convenience store.  Plaintiff was in the store purchasing cigarettes, and the two acquaintances were involved in an altercation with another customer.  Plaintiff was later arrested.  The acquaintances informed various officials that Plaintiff was not involved in the altercation.  Liberally construing the complaint, Plaintiff asserts that the charges against him are false and that his continued confinement is unlawful.

Plaintiff names as defendants: the Honorable Vincent Sigorile, a municipal court judge; Peter Choy, the Assistant Prosecutor assigned to his case; Jerimiah Heally, the Mayor of Jersey City; Jersey City; Municipal Court Prosecutor "John Doe;" Edward J. DeFazio, the Hudson County Prosecutor; Bob Kiki, co-owner of the Exxon/Mobil franchise where the incident took place; A. Laracuenta, an officer with the Port Authority Police; the Port Authority of New York and New Jersey; Samuel J. Plumeri,

Jr., the Superintendent of the Port Authority; Susanna Karapettan, the alleged victim in the incident; and the Chief of Operations of Exxon/Mobil Corporation. Plaintiff seeks compensatory damages and injunctive relief.

### DISCUSSION

**A.   Standard for Sua Sponte Dismissal.**

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  See Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.    Section 1983 Actions.**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### C. Claims Against Private Citizen Defendants.

Plaintiff includes as defendants in this action Bob Kiki, co-owner of the Exxon/Mobil facility; Chief of Operations of Exxon/Mobil Corporation; and Susanna Karapettan, a private citizen and the alleged victim.  As Plaintiff has not alleged facts indicating that these defendants are persons acting under color of state law, the claims against these defendants will be dismissed.

### D. Claims Seeking to Assert Respondeat Superior Liability.

Plaintiff seeks to sue Jersey City and the Mayor of Jersey City because the incident took place in Jersey City.  He also seeks to sue the Port Authority of New York and New Jersey, as well as its superintendent, because he was arrested by Port Authority police.

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers

or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

    To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."  Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury.  Monell, 436 U.S. at 689; see also Natale, 318 F.3d at 584.

Plaintiff makes no allegation that the events that are the subject of this litigation resulted from any established policy or practice of the City of Jersey City or the Mayor.  Nor does Plaintiff allege any facts indicating that defendant the Port Authority of New York and New Jersey or Samuel J. Plumeri, Jr, the Port Authority Superintendent, had any knowledge of the incident or established policy and practice leading to the events.  Since § 1983 does not permit respondeat superior liability, the claims against these defendants will be dismissed without prejudice.

**E.   False Arrest/False Imprisonment**

The Fourth Amendment to the United States Constitution provides that "The right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated."  A seizure triggering Fourth Amendment protection occurs when a government actor "by means of physical force or show of authority, has in some way restrained the liberty of a citizen."  Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968).  To determine the reasonableness of a seizure, a court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."  United States v. Place, 462 U.S. 696, 703 (1983), quoted in Tennessee v.

Garner, 471 U.S. 1, 8 (1985) and Graham v. Connor, 490 U.S. 386, 396 (1989).

It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification."  Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause.  Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest."  Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman).  See also Anela v. City of Wildwood, 595 F. Supp. 511, 512 (D.N.J. 1984)(holding a person for any length of time without legal justification may be a

8

violation of the right to liberty under the Fourteenth Amendment and thus states a claim of false imprisonment under § 1983).[1]  In contrast, an arrest based upon probable cause does not give rise to claims for false imprisonment or false arrest.  See id.

In the instant action, Plaintiff alleges that he was arrested without probable cause on June 17, 2005.  A § 1983 claim for false arrest accrues on the date of the plaintiff's arrest.  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).

However, because Plaintiff's criminal charges remain pending, he must raise any constitutional challenges in his criminal case; a federal court will not now intercede to consider issues that Plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).  It is not generally the role of the federal courts to interfere in pending state criminal cases.  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise

---

[1] While "[a] false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law[,]" Baker v. McCollan, 443 U.S. 137, 142 (1979), the claim is derivative of a Fourth Amendment violation for arrest without probable cause. See Groman, 47 F.3d at 636.

>federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)). In the instant case, it is clear that since Plaintiff is currently being detained pretrial, state proceedings implicating important state interests are ongoing and Plaintiff has the opportunity to raise his claim in that proceeding. Therefore, the Complaint is subject to dismissal for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

>Additionally, the Supreme Court has held:
>
>. . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted). Accordingly, if a district court determines that a judgment in favor of the plaintiff "would necessarily imply the invalidity of

10

his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487; see also Gibson v. Superintendent, 411 F.3d 427, 448-450 (3d Cir. 2005); Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996).

In this case, Plaintiff's claims for damages with regard to his criminal proceeding are not cognizable under § 1983 because the principal defects alleged, i.e., that he was not involved in the altercation and therefore his arrest was improper, would necessarily imply the invalidity of any future conviction. See Heck, 512 U.S. at 479-83, 487. Therefore, Plaintiff's claims for relief under 42 U.S.C. § 1983 will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**F.   Malicious Prosecution**

Liberally construing the complaint, Plaintiff seeks to sue Edward J. DeFazio, the Hudson County Prosecutor and Peter Choy, an Assistant Prosecutor, for maliciously prosecuting him. He also seeks to sue the municipal court prosecutor, named as John Doe, for violating his rights.

To begin, prosecutors are absolutely immune from liability for damages for actions taken in their official prosecutorial capacities. See Imbler v. Pachtman, 424 U.S. 409 (1976). Further, in order to state a prima facie case for a § 1983 claim

of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999).  Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are:  (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  See Lind v. Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).  Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding.  See Heck v. Humphrey, 512 U.S. 477, 489 (1994).  Here, Plaintiff has failed to allege a favorable termination of the criminal proceeding.  Accordingly, this claim

12

does not appear to have accrued and will be dismissed without prejudice.

**G.    Claims Against Municipal Court Judge**

Plaintiff seeks to sue the Municipal Court Judge of Jersey City for not allowing his full complaint against the victim to be heard.  However, this defendant is immune from liability under § 1983, and the claims against him will be dismissed, with prejudice.  See Mireles v. Waco, 502 U.S. 9 (1991)(holding that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity); Figueroa v. Blackburn, 208 F.3d 435, 441 (3d Cir. 2000)(holding that municipal judge was entitled to absolute immunity when judicial acts were taken in a matter over which judge had jurisdiction).

**H.    Continued Prosecution and Custody**

To the extent Plaintiff seeks through an action in this Court to have charges pending in state court dropped, as mentioned, *supra*, it is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings); Middlesex Co. Ethics Committee v. Garden State Bar

13

Ass'n, 457 U.S. 423, 432 (1982) ("The policies underlying <u>Younger</u> are fully applicable to noncriminal judicial proceedings when important state issues are involved.").

To the extent Plaintiff challenges his continued custody, he can obtain relief only through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, following exhaustion of his state-court remedies.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).  Accordingly, any challenge to his continued custody must be dismissed without prejudice.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's claims will be dismissed.  An appropriate order follows.

       S/ Dennis M. Cavanaugh
       DENNIS M. CAVANAUGH
       United States District Judge

Dated: 3/31/06

14